UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| TAMEKA MCPHERSON, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| MOUNTVILLE MILLS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Tameka McPherson, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint, and states as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I-IV of this Complaint, which arise from Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts V-VI of this Complaint, which arise from the Civil Rights Act of 1866, 42

U.S.C. § 1981 et seq. ("1981").

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count VII of this Complaint, which arises from the Equal Pay Act of 1963, 29 U.S.C. § 206 et seq. ("EPA").

4. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within Troup County, Georgia.

5. Plaintiff exhausted all administrative remedies in this matter and timely files this Complaint. *Dismissal and Notice of Rights*, Ex. 1.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of Coweta County, Georgia.

6. Defendant is a corporation registered to conduct business in the State of Georgia.

7. The majority of the events pleaded herein occurred at the work site of 1729 S. Davis Road, Lagrange, Georgia 30241.

8. Defendant may be served by delivering a copy of the Complaint and

Summons to its registered agent, Fred L. Turner, located at 1729 S. Davis Rd., LaGrange, Georgia, 30241.

9. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

### III. FACTUAL ALLEGATIONS

10. Plaintiff was employed by Defendant from January 11, 2016, to May 28, 2021.

11. Plaintiff is African-American.

12. Plaintiff is female.

13. Plaintiff completed the Industrial Manufacturing Technician occupational program offered by Defendant.

14. Plaintiff was not offered to enroll in any other occupational programs offered by Defendant.

15. On or about August 11, 2019, Plaintiff was promoted by Defendant to Maintenance Assistant.

16. Plaintiff was the only Maintenance Assistance within the Maintenance Department.

17. At the time of the promotion, Plaintiff was paid at a rate of $13.30 per hour.

18. At all times relevant to this Complaint, Plaintiff was supervised by Mr. Tom Byrd.

19. Mr. Byrd is Caucasian.

20. Mr. Byrd is male.

21. Plaintiff's Plant Manager was Mr. Tom Ward.

22. Mr. Ward is Caucasian.

23. Mr. Ward is male.

24. Plaintiff had the same chain of command as all other employees in the Maintenance Department.

25. Shortly after her promotion and after speaking with her co-workers, Plaintiff became aware of a pay differential between herself and the other members of the Maintenance Department.

26. Plaintiff was made aware that the other members of the Maintenance Department were making $20.00 per hour or more as a starting salary.

27. All other members of the Maintenance Department were Caucasian.

28. All other members of the Maintenance Department were male.

29. All other members of the Maintenance Department were classified as Maintenance Technicians.

30. Plaintiff worked with the other members of the Maintenance Department on a daily basis and observed their daily job duties.

31. Through her personal observations, Plaintiff discovered she performed job tasks requiring the same skill, effort, and responsibilities as the other members of the Maintenance Department.

32. Through her personal observations, Plaintiff realized she performed job tasks under the same working conditions as the other members of the Maintenance Department.

33. Through her personal observations, Plaintiff discovered that her Maintenance Assistant position was similarly situated in all material respects to the other members of the Maintenance Department.

34. Plaintiff spoke to multiple co-workers in the Maintenance Department who confirmed Plaintiff's personal observations.

35. In or around November 2019, Plaintiff inquired to Mr. Byrd regarding her pay in comparison to the other members of the Maintenance Department.

36. Mr. Byrd stated that he would raise the issue with Mr. Ward.

37. When making her inquiry with Mr. Byrd, Plaintiff discussed her concern that her race and gender were factors helping to determine her pay rate.

38. Mr. Ward stated that Plaintiff needed to gain more experience in order to receive an increase in pay commensurate with the other members of the Maintenance Department.

39. Mr. Ward nevertheless increased Plaintiff's pay by $1.00 per hour, to $14.30 per hour.

40. In early 2020, Plaintiff inquired about her pay again with Defendant.

41. Defendant told Plaintiff a decision on her pay would be made when her evaluation was completed.

42. In early 2020, after Plaintiff's evaluation was completed, she was given a $0.30 per hour raise to $14.60 per hour.

43. Plaintiff later received a $0.50 per hour raise.

44. This raise was provided to all employees as a COVID bonus.

45. Plaintiff remained at that salary until her termination on May 28, 2021.

### IV.  CLAIMS FOR RELIEF

### COUNT I: TITLE VII DISCRIMINATION (RACE)

39. Plaintiff incorporates by reference all paragraphs and allegations set forth in her Complaint as if fully set forth herein.

40. Plaintiff is a member of a protected class by virtue of her race.

41. At the time of Plaintiff's promotion, Defendant was aware of Plaintiff's race.

42. Plaintiff was qualified for the position at issue.

43. The other members of the Maintenance Department were paid higher wages than Plaintiff for the same job duties.

44. The other members of the Maintenance Department were outside Plaintiff's protected class.

45. The other members of the Maintenance Department reported to the same chain of command as Plaintiff.

46. Defendant's business reason for the pay discrepancy is pretextual because Defendant's experience, certifications, and job duties were commensurate with that of the Maintenance Technicians who received a higher starting salary than Plaintiff.

### **COUNT II: TITLE VII DISCRIMINATION (GENDER)**

47. Plaintiff incorporates by reference all paragraphs and allegations set forth in her Complaint as if fully set forth herein.

48. Plaintiff is a member of a protected class by virtue of her gender.

49. At the time of Plaintiff's promotion, Defendant was aware of Plaintiff's gender.

50. Plaintiff was qualified for the position at issue.

51. The other members of the Maintenance Department were paid higher wages than Plaintiff for the same job duties.

52. The other members of the Maintenance Department were outside Plaintiff's protected class.

53. The other members of the Maintenance Department reported to the same chain of command as Plaintiff.

54. Defendant's business reason for the pay discrepancy is pretextual because Defendant's experience, certifications, and job duties were commensurate with that of the Maintenance Technicians who received a higher starting salary than Plaintiff.

## COUNT III: TITLE VII RETALIATION (RACE)

55. Plaintiff incorporates by reference all paragraphs and allegations set forth in her Complaint as if fully set forth herein.

56. Plaintiff was qualified for the position at issue.

57. Plaintiff is aware that the other members of the Maintenance Department were paid higher wages than her for the same job duties.

58. Plaintiff made a protected disclosure alleging discrimination based upon her

race and gender when she complained about disparate pay between herself and the other members of the Maintenance Department.

59. Plaintiff had a good faith belief that discrimination was occurring in the workplace based upon her personal observations and co-worker confirmations.

60. Defendant was aware of the disclosure because it was made to the Plant Manager, Mr. Ward.

61. After the complaint was made, Plaintiff's pay was raised a total of $1.30 per hour.

62. The raise did not bring Plaintiff's pay to the same rate as the other members of the Maintenance Department.

63. Defendant's business reason for the pay discrepancy is pretextual because Defendant's experience, certifications, and job duties were commensurate with that of the Maintenance Technicians who received a higher starting salary than Plaintiff.

## **COUNT IV: TITLE VII RETALIATION (GENDER)**

64. Plaintiff incorporates by reference all paragraphs and allegations set forth in her Complaint as if fully set forth herein.

65. Plaintiff was qualified for the position at issue.

66. Plaintiff is aware that the other members of the Maintenance Department were paid higher wages than her for the same job duties.

67. Plaintiff made a protected disclosure alleging discrimination based upon her race and gender when she complained about disparate pay between herself and the other members of the Maintenance Department.

68. Plaintiff had a good faith belief that discrimination was occurring in the workplace based upon her personal observations that were confirmed by her co-workers.

69. Defendant was aware of the disclosure because it was made to the Plant Manager, Mr. Ward.

70. After the complaint was made, Plaintiff's pay was raised a total of $1.30 per hour.

71. The raise did not bring Plaintiff's pay to the same rate as the other members of the Maintenance Department.

72. Defendant's business reason for the pay discrepancy is pretextual because Defendant's experience, certifications, and job duties were commensurate with that of the Maintenance Technicians who received a higher starting

salary than Plaintiff.

## COUNT V: SECTION 1981 DISCRIMINATION

73. Plaintiff incorporates by reference all paragraphs and allegations set forth in her Complaint as if fully set forth herein.

74. Plaintiff is a member of a protected class by virtue of her race.

75. At the time of Plaintiff's promotion, Defendant was aware of Plaintiff's race.

76. Plaintiff was qualified for the position at issue.

77. The other members of the Maintenance Department were paid higher wages than Plaintiff for the same job duties.

78. The other members of the Maintenance Department were outside Plaintiff's protected class.

79. The other members of the Maintenance Department reported to the same chain of command as Plaintiff.

80. Defendant's business reason for the pay discrepancy is pretextual because Defendant's experience, certifications, and job duties were commensurate with that of the Maintenance Technicians who received a higher starting salary than Plaintiff.

## COUNT VI: SECTION 1981 RETALIATION

81. Plaintiff incorporates by reference all paragraphs and allegations set forth in her Complaint as if fully set forth herein.

82. Plaintiff was qualified for the position at issue.

83. Plaintiff is aware that the other members of the Maintenance Department were paid higher wages than her for the same job duties.

84. Plaintiff made a protected disclosure alleging discrimination based upon her race and gender when she complained about disparate pay between herself and the other members of the Maintenance Department.

85. Plaintiff had a good faith belief that discrimination was occurring in the workplace based upon her personal observations that were confirmed by her co-workers.

86. Defendant was aware of the disclosure because it was made to the Plant Manager, Mr. Ward.

87. After the complaint was made, Plaintiff's pay was raised a total of $1.30 per hour.

88. The raise did not bring Plaintiff's pay to the same rate as the other members of the Maintenance Department.

89. Defendant's business reason for the pay discrepancy is pretextual because

Defendant's experience, certifications, and job duties were commensurate with that of the Maintenance Technicians who received a higher starting salary than Plaintiff.

## COUNT VII: EQUAL PAY ACT VIOLATION

90. Plaintiff incorporates by reference all paragraphs and allegations set forth in her Complaint as if fully set forth herein.

91. Plaintiff was qualified for the position at issue.

92. Plaintiff is aware that the other members of the Maintenance Department were paid higher wages than her for the same job duties.

93. The other members of the Maintenance Department held positions requiring equal skill, effort, and responsibility as Plaintiff's position, performed under similar working conditions as Plaintiff.

94. Defendant's business reason for the pay discrepancy is pretextual because Defendant's experience, certifications, and job duties were commensurate with that of the other members of the Maintenance Department who received a higher starting salary than Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full differential back pay plus interest, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with the EPA, Title VII, and Section 1981, to exceed $25,000; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 31st of May, 2022.

            THE KIRBY G. SMITH LAW FIRM, LLC

            s/Kirby G. Smith
            Kirby G. Smith
            Georgia Bar No. 250119
            Amanda Brookhuis
            Georgia Bar No. 601396
            *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 31st of May, 2022.

                                        THE KIRBY G. SMITH LAW FIRM, LLC

                                        s/Kirby G. Smith
                                        Kirby G. Smith
                                        Georgia Bar No. 250119
                                        *Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 31st Day of May, 2022.

                                      THE KIRBY G. SMITH LAW FIRM, LLC

                                      <u>s/Kirby G. Smith</u>
                                      Kirby G. Smith
                                      Georgia Bar No. 250119
                                      *Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com